WISE, Presiding Judge,
concurring in part and concurring in the result.
I concur with the conclusion in the unpublished memorandum that the appellant, Clemmie Lee Spencer, did not preserve his claims that the State did not give him written notice of his revocation hearing, did not give him written notice of his alleged probation violations, and did not provide him with the evidence against him. I also concur with the conclusion that the circuit court did not abuse its discretion when it revoked Spencer’s probation. Finally, I concur with the conclusion that Spencer is not entitled to any relief on his claim that the circuit court erred when it initially revoked his probation and sentenced him to the penitentiary without first conducting a revocation hearing. However, I disagree with the implication in the unpublished memorandum that the circuit court could properly house Spencer in the State penitentiary pending his revocation hearing.
The record indicates that Spencer was serving his sentence in the Tuscaloosa County Community Corrections prison diversion program. On August 16, 2006, *24 Spencer’s probation officer filed a “Motion for Revocation of Release.” On February 16, 2007, the circuit court entered an order stating, “Capias writ ordered for defendant. Defendant ordered to serve balance of sentence in prison.” (C.R. 3.) Spencer was arrested on January 8, 2008, and he was subsequently transferred to Kilby Correctional Facility. On January 25, 2008, the circuit court conducted a revocation hearing. It then entered a written order in which it ordered Spencer to serve the balance of his sentence in prison.
Section 15 — 18—175(d)(3), Ala.Code 1975, provides that a circuit court shall conduct a revocation hearing before it revokes a community corrections sentence. In effect, the circuit court’s February 16, 2007, order revoked Spencer’s community corrections sentence. However, the circuit court did not conduct a revocation hearing before it entered that order. Therefore, the circuit court erred when it entered its February 16, 2007, order. Because § 15-18 — 175(d)(3), Ala.Code 1975, specifically prohibits a circuit court from revoking a community corrections sentence without first conducting a revocation hearing, I disagree with the implication in the unpublished memorandum that the circuit court could properly house Spencer in the State penitentiary pending the revocation hearing.
However, as the unpublished memorandum notes, the circuit court did subsequently conduct a revocation hearing shortly after Spencer was taken into custody. Further, in its written revocation order, the circuit court ordered that Spencer receive credit for the time he has served. Therefore, Spencer has received the remedy to which he was entitled — a revocation hearing. Accordingly, Spencer’s claim is moot, and the error in the circuit court’s entry of the February 16, 2007, order was harmless. See Rule 45, Ala. R.App. P.
Finally, I concur with the conclusion in the unpublished memorandum that Spencer should have raised any claim regarding his pre-hearing detention in the State penitentiary in a petition for a writ of habeas corpus.
For these reasons, I respectfully concur in part and concur in the result.
KELLUM, J., concurs.